**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| PAZUNIAK LAW OFFICE, LLC and GEORGE PAZUNIAK, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No.: N14C-12-259 EMD ) |
| PI-NET INTERNATIONAL, INC. and LAKSHMI ARUNACHALAM, | ) ) ) |
| Defendants. | ) ) ) ) ) |

**ORDER DENYING *PRO SE* DEFENDANT DR. LAKSHMI ARUNACHALAM'S EMERGENCY MOTION TO SUBSTITUTE PARTIES UNDER DELAWARE RULE 25(c) AND FEDERAL RULE 25(c) DUE TO NEW FACTS AND EVIDENCE THAT HAVE EMERGED AND THE COURT MUST CONSIDER THE CHANGED CIRCUMSTANCES THAT DEFENDANT PI-NET INTERNATIONAL, INC. IS DEFUNCT AND DR. LAKSHMI ARUNACHALAM IS THE SUCCESSOR-IN-INTEREST AND REAL PARTY-IN-INTEREST**

Dr. Lakshmi Arunachalam, Menlo Park, California, *Defendant Pro Se.*

George Pazuniak, Esquire, Pazuniak Law Office LLC, Wilmington, Delaware, *Attorney for Plaintiffs Pazuniak Law Office, LLC and George Pazuniak.*

**DAVIS, J.**

Upon consideration of *Pro Se* Defendant Dr. Lakshmi Arunachalam's Emergency Motion to Substitute Parties under Delaware Rule 25(c) and Federal Rule (c) due to New Facts and Circumstances that Defendant Pi-Net International, Inc. is Defunct and Dr. Lakshmi Arunachalam is the Successor-in-Interest and Real Party-in-Interest ("Motion to Substitute") filed by Defendant Lakshmi Arunachalam; Plaintiffs' Opposition to Defendant Arunachalam's Renewed Motion to

Substitute ("Opposition Brief") filed by Plaintiffs Pazuniak Law Office, LLC and George Pazuniak; the First Amended and Supplemental Complaint (the "Complaint"); the June 30, 2016 Order Denying Defendant's and the Real Party in Interest, Dr. Lakshmi Arunachalam's Motion to Substitute Parties under Rules 25(c), 17(a), and 17(b) of Federal Rules of Civil Procedure (the "June 30, 2016 Order"); the arguments of the parties advanced in the Motion to Substitute and the Opposition Brief; and the entire record of this civil action:

1.      This is a civil action brought by Plaintiffs Pazuniak Law Office, LLC and Mr. Pazuniak (collectively, "Pazuniak Law"). Pazuniak Law seeks declaratory judgment as to certain funds held by Pazuniak Law. In addition, Pazuniak Law alleges that Defendants Pi-Net, International, Inc. ("Pi-Net") and Dr. Arunachalam are liable to Pazuniak Law on claims of common law libel and tortuous interference with prospective business opportunities.

2.      According to the Complaint, Pazuniak Law, Pi-Net, Dr. Arunachalam, and WebXchange entered into a retainer agreement (the "Agreement") on January 25, 2012. Count I of the Complaint seeks a declaration as to the distribution of certain funds under the terms of the Agreement, as well as Pazuniak Law's purported right to recover costs for providing certain files to Pi-Net upon the termination of Pazuniak Law's services to Pi-Net, Dr. Arunachalam and WebXchange. *So that it is clear, the Complaint alleges claims arising out of the Agreement and that Pi-Net is one of the parties to the Agreement.*

3.      Through her first motion to substitute, Dr. Arunachalam moved to have her substituted for Pi-Net as a party. In that motion, Dr. Arunachalam argued that she was the real party-in-interest due to her ownership of Pi-Net and as a transferee of the "patents-in-suit." As set forth in the June 30, 2016 Order, the Court did not grant the first motion to substitute.

4. In the Motion to Substitute, Dr. Arunachalam again seeks an order substituting Dr. Arunachalam for Pi-Net. This time, Dr. Arunachalam contends that Pi-Net is now "defunct" and that Dr. Arunachalam, as Pi-Net's successor-in-interest, should be substituted in place of Pi-Net.

5. Dr. Arunachalam correctly notes that Rule 25(c) of the Superior Court Rules of Civil Procedure applies.[1] "Substitution of a party under Rule 25(c) is committed to the discretion of the Court. Where there has been a transfer of interest during the course of an action, Rule 25(c) provides that 'the action may be continued by or against the original party, unless the Court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.' A 'transfer of interest' in the corporate context takes place when one corporation becomes the successor, typically by merger, to the interest the original corporate party had in the proceeding."[2]

6. The Court reaffirms its reasoning in the June 30, 2016 Order. This litigation involves Pazuniak Law's legal representation of Dr. Arunachalam and Pi-Net, and certain rights and obligations under the Agreement. Pi-Net, as well as Dr. Arunachalam, is a party to the Agreement. Additionally, Pazuniak Law asserts defamation claims against both Dr. Arunachalam and Pi-Net. It is clear that Pi-Net has a separate interest in this litigation. In order for there to be complete relief, Pi-Net must remain a party to this civil action.

7. While Dr. Arunachalam now argues that Pi-Net is "defunct," she does not provide any facts relevant to Pi-Net's dissolution. The California Code sets forth procedures for

---

[1] Dr. Arunachalam also relies upon Fed. R. Civ. P. 25(c). As the Court has previously explained to Dr. Arunachalam, the Federal Rules of Civil Procedure, although substantially similar to the Court's civil rules of procedure, do not apply in civil action.

[2] *ClubCorp, Inc. v. Pinehurst, LLC*, No. CIV.A. 5120-VCP, 2011 WL 5554944, at *6 (Del. Ch. Nov. 15, 2011).

voluntarily or involuntarily winding up and dissolving a corporation.[3] A corporation may elect to voluntarily wind up and dissolve by a vote of a majority of shareholders or the board of directors.[4] In contrast, in the event of involuntary dissolution, the court may appoint a receiver to oversee the dissolution process.[5] Dr. Arunachalam has not provided any evidence as to who is the legal representative winding up and dissolving Pi-Net, or whether this is being done through a voluntary process or by way of a receiver.

8. Even if Dr. Arunachalam dissolved Pi-Net in compliance with California law, the Court cannot substitute Dr. Arunachalam for Pi-Net and allow Dr. Arunachalam to proceed on behalf of Pi-Net *pro se*. Regardless of who wound up and dissolved Pi-Net, that person, as an individual, cannot represent Pi-Net *pro se* in court. The Court noted in the June 30, 2016 Order that a corporation can only act through its agents, and, before this court only through an agent duly licensed to practice law.[6] This principle still applies. Dr. Arunachalam is not licensed to practice law and cannot legally represent Pi-Net in this Court in a *pro se* capacity.

9. The Court finds that the Motion to Substitute fails to demonstrate cause for the relief sought. The Court holds, on the record before the Court, that it would be an abuse of discretion under Civil Rule 25 to substitute Dr. Arunachalam for Pi-Net in this civil action. Accordingly, without more, the Court will not allow Dr. Arunachalam to proceed in this civil action as the successor of Pi-Net by way of a transfer in interest.

10. Lastly, the Court notes that Dr. Arunachalam raises arguments in the Motion to Substitute that pertain more to potential counterclaims against Pazuniak Law. The Court would

---

[3] Cal. Corp. Code Ch. 18–19.
[4] *Id.* at §§ 1900–1907.
[5] *Id.* at § 1803.
[6] *See e.g., Transpolymer Indus., Inc. v. Chapel Main Corp.,* 582 A.2d 936 (table), 1990 WL 168276, at *1 (Del. 1990).

like to make clear that this Order is without prejudice to Dr. Arunachalam's right to assert counterclaims in this civil action.

**IT IS HEREBY ORDERED**, for the reasons set forth herein, that *Pro Se* Defendant Dr. Lakshmi Arunachalam's Emergency Motion to Substitute Parties under Delaware Rule 25(c) and Federal Rule (c) due to New Facts and Circumstances that Defendant Pi-Net International, Inc. is Defunct and Dr. Lakshmi Arunachalam is the Successor-in-Interest and Real Party-in-Interest is **DENIED.**

Dated: October 19, 2016
Wilmington, Delaware

/s/ *Eric M. Davis*
Eric M. Davis, Judge